IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY W. BRAMLETT, et al.,

   Plaintiffs,

     v.

NEDJAD BAJRIC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-2148-TWT

ORDER

This is an action for personal injuries arising from an automobile accident. The case was removed from the State Court of Henry County, Georgia, and is before the Court on the Plaintiffs' Motion to Remand [Doc. 10] and the Defendants' Motion for Extension of Time to Express Formal Consent to Removal [Doc. 20]. For the reasons set forth below, the Plaintiffs' Motion to Remand [Doc. 10] is DENIED and the Defendants' Motion for Extension of Time to Express Formal Consent to Removal [Doc. 20] is DENIED as moot.

I. Background

This lawsuit stems from an automobile accident that occurred on March 25, 2011. Plaintiffs Larry and Mary Bramlett were injured in a collision with a tractor-trailer driven by Defendant Nedjad Bajric. The tractor-trailer was owned by

Defendant Muharem Hrnic, Bajric's employer. Bajric was operating under a lease agreement whereby Hrnic leased the trailer and driver to Defendant DSL Express Trucking, Inc. At the time of the accident, DSL had in effect a liability insurance policy through Defendant Daily Underwriters of America. (Defs.' Resp. Br. in Opp. to Pls.' Mot. to Remand, at 2).

The Bramletts initiated this suit in the State Court of Henry County, Georgia, on June 24, 2011. The complaint showed that the parties were diverse but did not include an allegation of damages. On August 2, 2011, Defendant Bajric filed a counterclaim against Plaintiff Larry Bramlett. (Defs.' Not. of Removal, Exs. 1, 4). The parties commenced discovery in state court. Interrogatory responses filed on September 12, 2011, disclosed special damages in the amount of $22,847.53. During his deposition on February 7, 2012, Plaintiff Larry Bramlett testified to lost income of $28,000 to $30,000 due to his inability to act as a shopping mall Santa Claus. (See Pls.' Br. in Supp. of Pls.' Mot. to Remand, at 4). Mr. Bramlett further testified that he had invested about half a million dollars in a real estate project, and had hoped to recover $96,000 of his investment after the deal failed. (Larry Bramlett Dep. at 138-41). When asked whether the real estate investment loss was something he sought to recover in the lawsuit, Bramlett stated it was not and noted that the accident "can't do anything about the total economy of the United States." (Id.) But later in the same

deposition Bramlett testified the $96,000 was something he was hoping to recover in this lawsuit. (See id.) During Plaintiff Mary Bramlett's deposition, also taken on February 7, 2012, Mrs. Bramlett twice stated she did not know if she was seeking above $75,000 in the lawsuit and testified she did not know the exact amount of damages she was seeking. (See Mary Bramlett Dep. at 112, 121). The Defendants contend that the Plaintiffs consistently stated in discovery responses that they did not have enough information to establish damages. (Defs.' Resp. Br. in Opp. to Pls.' Mot. to Remand, at 12).

On June 20, 2012, the Plaintiffs made a demand upon the Defendants for a $1 million settlement. The next day, the Defendants filed a Notice of Removal to this Court. Although the Notice of Removal stated that "[a]ll served Defendants consent to removal of this action," the notice was only signed by Kenneth Shigley, the attorney for Defendant and Plaintiff in Counterclaim Bajric. Attorneys Brent Michael Estes and Grant Butler Smith are on record as representing all four Defendants, including Bajric, but they did not sign the notice. The Defendants submitted the Notice of Removal to the state court on July 6, 2012. (See Pls.' Br. in Supp. of Pls.' Mot. to Remand, at 8). On July 9, 2012, Shigley, Estes, and Smith (as well as the Plaintiffs' attorneys) all signed the Proposed Consent Order to Extend Time for Plaintiffs to Respond to Defendants' Motion for Partial Summary Judgment, which

referenced the removal. (Prop. Cons. Order, at 2-3). The Court received no further indications of consent to removal from the non-signing Defendants prior to their responses to the Plaintiffs' Motion to Remand, which was filed on July 23, 2012.

## II. Legal Standard

A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). If the basis for federal jurisdiction is diversity of citizenship, the case goes back to state court if: (1) there is not complete diversity between the parties, Strawbridge v. Curtiss, 3 Cranch 267 (1806); (2) the amount in controversy does not exceed $75,000, 28 U.S.C. § 1332(a)(1); or (3) one of the defendants is a citizen of the state in which the suit was filed, 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1447(b). To successfully remove an action, the defendant must file its notice of removal within thirty days after the defendant receives the complaint or summons. 28 U.S.C. § 1446(b)(1). If a case is not initially removable, a defendant may file a notice of removal within thirty days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U. S. C. § 1446(b)(3). Additionally, removal is only proper if each defendant consents. 28 U. S. C. § 1446 (b)(2)(A); Cook v.

Randolph County, 573 F.3d 1143, 1150 (11th Cir. 2009).[1] "In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Removal statutes are to be interpreted narrowly with any doubts construed against removal jurisdiction. See Williams v. AFC Enter., Inc., 389 F.3d 1185, 1189 (11th Cir. 2004); Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Discussion

The Plaintiffs offer four alternative grounds for remand, all resting on defects in the removal procedure, not on federal jurisdiction itself. First, the Plaintiffs contend that the petition was untimely because the Defendants filed the Notice of Removal several months after they should have ascertained an amount in controversy exceeding $75,000 from the depositions of the Plaintiffs on February 7, 2012. (Pls.'

---

[1] The Federal Courts Venue Clarification Act of 2011 did not alter the Eleventh Circuit requirement that all defendants express their consent to the court. See Nichols v. Healthsouth Corp., No. 2:12-cv-00823-SLB, 2012 U.S. Dist. LEXIS 128031, at *6-7 (N.D. Ala. Sep. 10, 2012) (citing Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) and Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001)); see also Crowley v. Amica Mut. Ins. Co., No. 12-775, 2012 U.S. Dist. LEXIS 127216, at *6-7 n.2 (E.D. La. Sep. 7, 2012) ("Although § 1446(b), as revised by [The Venue Clarification Act], does not state that all of the defendants must consent to removal in writing, the Court finds no indication that the Fifth Circuit's requirement of written consent is inconsistent with or displaced by the statutory change. Indeed, Congress's codification of the unanimity rule signals the importance of ensuring that all of the defendants have consented to removal.").

Mem. of Law in Supp. of Pls.' Mot. to Remand, at 4). Second, the Plaintiffs argue that the removal was filed by the wrong party, Defendant and Plaintiff in Counterclaim, Nedjad Bajric, who could not remove the case in his capacity as Plaintiff in Counterclaim. (Id. at 5). Third, the Plaintiffs argue that the removal was not joined, signed, and consented to by all Defendants. (Id. at 5-6). And fourth, the Plaintiffs argue the removal was invalid because the Defendants did not timely file the Notice of Removal with the State Court of Henry County. (Id. at 8).

### A.    The Notice of Removal was Timely

The Plaintiffs assert the Notice of Removal was not timely because the Defendants could have ascertained the amount in controversy following the February 7, 2012, depositions. The Defendants contend that they could not ascertain the amount in controversy from the February depositions and that the first trigger for the 30-day removal deadline was when the Defendants received the $1 million demand letter.

The Court finds that the Defendants could not have ascertained with sufficient certainty the amount in controversy prior to their receipt of the Plaintiffs' demand letter. The Plaintiffs' discovery responses before sending the letter were not sufficiently certain and were often ambiguous. The interrogatory responses provided lost wages and medical expenses well below the $75,000 threshold. The deposition

testimony from both Plaintiffs frustrated any certainty with respect to damages. Plaintiff Larry Bramlett identified $28,000 - $30,000 in lost wages but stated that the $96,000 he hoped to recover from a failed real estate deal was unrelated to the lawsuit, and then later stated he was seeking the $96,000 in this suit. Plaintiff Mary Bramlett twice refused to state with certainty that her damages would amount to more than $75,000. These responses did not allow the Defendants to ascertain that the amount in controversy exceeded $75,000. The first time the Defendants were able to firmly determine damages was on June 20, 2012, when they received the demand letter from the Plaintiffs, and the Defendants filed a Notice of Removal the next day. The Defendants' immediate removal following receipt of the letter bolsters this Court's determination that prior discovery was insufficient to ascertain an unambiguous damage figure. Therefore, the Notice of Removal was timely.

B. <u>The Notice of Removal was Filed by a Proper Party</u>

The Plaintiffs argue that Bajric did not have the capacity to remove the case given his status as a Plaintiff in Counterclaim. The Defendants counter that Bajric, as a named Defendant in the state court lawsuit, had the authority to initiate the removal process. The Court holds that Bajric, as a Defendant, was entitled to file the Notice of Removal despite his status as both a Defendant and a Plaintiff in Counterclaim. The Plaintiffs have offered no cases to support their theory that a

defendant who is also a plaintiff in counterclaim cannot remove the case to federal court. The Court is similarly unable to find any cases where a plaintiff in counterclaim was barred from removing the case but has located cases where the defendant/plaintiff in counterclaim removed the case without issue. See, e.g., Fleming, Ingram & Floyd, P.C. v. Clarendon Nat'l Ins. Co., No. CV 108-075, 2009 U.S. Dist. LEXIS 120784, at *2 (S.D. Ga. Nov. 29, 2009) (noting without comment that the Defendants/Plaintiffs in Counterclaim had removed the action to federal court). Therefore, the Notice of Removal was filed by a proper party.

C.  The Defendants Adequately Consented to Removal

The Plaintiffs argue that the failure of the other attorneys for three of the four Defendants to sign the Notice of Removal was a fatal defect in the removal process. The Defendants argue that all Defendants consent to removal, that the notice was the collaborative work product of the attorneys representing all Defendants, and that the lack of signatures was merely a mistake.

While the Eleventh Circuit has recently expressed leniency with respect to procedural inadequacies in the removal process, it has not confronted a lack of signature by some defense attorneys. In Cook v. Randolph County, 573 F.3d 1143, 1150 (11th Cir. 2009), the plaintiff argued that removal was procedurally improper because the notice of removal did not show that all defendants consented to the

removal. The court agreed that "removal is proper only if all of the defendants consent," but noted that the circuit has "never required that every defendant individually sign the notice of removal in order to establish unanimous consent." Id. at 1150 (citing Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008)). The court noted that the first sentence of the notice of removal stated that "[a]ll defendants, by counsel, hereby file a Notice of Removal," and then noted that the notice was signed by the attorney for all the defendants. Id. The court concluded that "[n]o one contends that any of the defendants did not want the case removed. Absent some basis for believing that, the representation of the attorney for the defendants that all of her clients consented to removal is enough." Id. at 1151.

Similarly, in Corporate Management Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1298 (11th Cir. 2009), the Eleventh Circuit reversed a district court's sua sponte remand for lack of subject matter jurisdiction because the notice of removal did not state the parties' citizenship. The court concluded that the failure to allege citizenship in the notice of removal was a procedural rather than a jurisdictional defect. Id. at 1296. The court defined a procedural defect as "any defect that does not go to the question of whether the case originally could have been brought in federal district court." Id. at 1297 (quoting In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993)) (internal quotation marks omitted). The court held that "where subject matter

jurisdiction exists and any procedural shortcomings may be cured by resort to [28 U.S.C. § 1653], we can surmise no valid reason for the court to decline the exercise of jurisdiction." Id. (quoting In re Allstate, 8 F.3d at 223).[2] Because § 1653 allows for amendment of defective allegations of jurisdiction, the court reversed the district court's remand, and directed the district court to allow the defendants to amend their notice of removal. Id. at 1297-98.[3]

The Eighth Circuit confronted similar facts to the instant case in Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927 (8th Cir. 2012). The district court had denied a motion to remand holding that the defendants who did not sign the notice of removal adequately expressed their consent to removal by filing a motion to dismiss within the 30-day period following the initial service of the complaint. Id. at 932. The court noted that, "[w]here there are multiple defendants, all must join in a notice

---

[2] The Court notes that the Alabama district court cases where procedural errors in the removal process have led to remands do not bind this Court. See Nam v. U.S. Xpress, Inc., No, 1:10-cv-3924-AT, 2011 U.S. Dist. LEXIS 45292, at *12 (N.D. Ga., Apr. 27, 2011).

[3] Additionally, the Eleventh Circuit has endorsed a retreat from an formalistic approach to the removal statute. In Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008), the court applied the last-served defendant rule with respect to the 30-day removal deadline despite the strict language of the statute. The court supported its decision by noting that the Supreme Court's decision in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), signaled a retreat from a strict constructionist approach to the removal statute. Id. (citing Murphy Bros., 526 U.S. at 347-48, 357).

to remove within thirty days of service." Id. (quoting Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002)) (internal marks omitted). The court recognized a circuit split "regarding how a non-removing co-defendant must express consent to removal." Id. (citing 16 Georgene Vairo, Moore's Federal Practice - Civil § 107.11[1][c] (3d ed. 2011)). In the Eighth Circuit, the court held, "it is not necessary for all defendants to actually sign the notice of removal so long as there is some timely filed written indication from each served defendant that the defendant has actually consented to the removal." Id. (quoting Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)) (internal quotation marks omitted). Recognizing that "this is a very close case," the court held that the filing of the motion to dismiss and accompanying brief -- which expressed that removal was appropriate -- within the 30 day time limit sufficed to show unanimous consent. Id. at 933. The court explicitly limited its holding to the facts of the case and emphasized "that non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct." Id.

The First Circuit made a similar holding in Samaan v. St. Joseph Hosp., 670 F.3d 21 (1st Cir. 2012). Reviewing its precedent, the court noted that "an apparent lack of unanimity could be remedied by a non-signing defendant's timely opposition to a motion to remand." Id. at 28 (citing Esposito v. Home Depot U.S.A., Inc., 590

F.3d 72 (1st Cir. 2009)). The court concluded that the non-signing defendant's filing of an answer in federal court coupled with its opposition to the motion to remand sufficiently showed unanimity, and the court upheld the district court's denial of the motion to remand. Id.

Here, the Court finds that there are sufficient indications that all Defendants consented to removal. The Notice of Removal included a statement that "all Defendants consent to removal." The Notice was signed by the attorney for one of four Defendants, but the non-signing attorneys share representation of all Defendants. The attorneys for the Defendants collaborated in drafting the notice. All Defendants have opposed the motion to remand. The Defendants have also moved the Court to allow them to express formal consent. Additionally, the attorneys for all Defendants signed the Proposed Consent Order to Extend Time for Plaintiffs to Respond to Defendants' Motion for Summary Judgment, which referenced the removal and noted that the state court response deadline was not the same as the federal deadline. The proposed order was filed on July 9, 2012, within 30 days of the Defendants' ascertaining federal jurisdiction via the Plaintiffs' demand letter.[4] Further, the lack

---

[4] Although this was outside the 1-year period for removal, the Court finds that the expression of consent to the Notice of Removal was timely because the Notice of Removal itself was filed within the 1-year deadline and the proposed order was filed within 30 days of the Defendants' ascertaining the amount in controversy. See 28 U.S.C. § 1446(c)(1).

of signatures is a procedural defect because it is unrelated "to the question of whether the case originally could have been brought in federal district court." See Corporate Management Advisors, 561 F.3d at 1297; see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (2009) ("the failure to provide the Federal Civil Rule 11 signature [is] curable in federal court."). As the Eleventh Circuit noted in Cook, when, as here, "no one contends that any of the defendants did not want the case to be removed," and the defect at issue is a procedural one, then the case should not be remanded. The Court concludes that through their Notice of Removal and subsequent filings the Defendants sufficiently expressed their consent to removal within the statutory time period.

        D.       <u>The Defendants Timely Filed the Notice of Removal with the State Court</u>

The Plaintiffs also argued that removal was improper because the Defendants did not file the Notice of Removal with the Henry County State Court within the 30-day removal period. The Defendants contend that a short delay in submitting the notice to the state court is not a fatal defect. The Court agrees with the Defendants and notes that the Defendants' fifteen-day delay in filing the notice of removal with the state court is a procedural defect that does not warrant remand. See Corporate Management Advisors, 561 F.3d at 1297 (suggesting that district courts should not remand for procedural defects in the removal process); Rito Ligutom v. SunTrust

Mortgage, No. C10-05431 HRL, 2011 U.S. Dist. LEXIS 14196, at *6 (N.D. Cal. Feb. 4, 2011) (concluding that defendant's one-month delay in filing the notice of remand to the state court did not warrant remand); Nixon v. Wheatley, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (concluding that 22-day delay in submitting notice to state court was not fatal).

IV. Conclusion

For the reasons set for above, the Plaintiffs' Motion to Remand [Doc. 10] is DENIED and the Defendants' Motion for Extension of Time to Express Formal Consent to Removal [Doc. 20] is DENIED as moot.

SO ORDERED, this 19 day of September, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge